UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re:<br><br>Local Motion MN, LLC,<br><br>Debtor. | BKY No. 21-31539 KAC<br>Chapter 11 Case |
| --- | --- |

| Local Motion MN, LLC,<br><br>Plaintiff,<br><br>Vs.<br><br>David Seeley,<br><br>Defendant. | Adv. No.:  22-3006<br><br>DEFENDANT'S ANSWER TO<br>ADVERSARY COMPLAINT |
| --- | --- |

Defendant, David Seeley ("Defendant"), for his Answer to Adversary Complaint, states and alleges as follows:

1. Defendant denies each and every allegation contained in the Complaint except as specifically admitted herein.

2. Defendant alleges that the allegations referred to in paragraphs 1-6 are legal conclusions to which no answer is required. As to said paragraphs, the Defendant does not dispute jurisdiction or venue and Defendant agrees to allow the Bankruptcy Court to issue a final ruling in this case pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

3. Defendant admits the allegations contained in the following paragraphs of the Complaint: 7,8,11,12,16,17,18,25 and 26.

4. Defendant denies the allegations contained in the following paragraphs of the Complaint: 9,16,20,21,22,23,27,28,29,30,32,33 and 34.

1

5. Defendant is without sufficient information to admit or deny the allegations contained in the following paragraphs of the Complaint and those paragraphs are therefore denied: 13.

6. Responding to the allegations in paragraph 10 of the Complaint, the Defendant alleges that the transfers of funds detailed in the complaint were compensation that was deferred during the company's off-season, followed by the catch up of that pay during the company's peak season. Defendant affirmatively alleges that this was a normal and ordinary business practice of the Plaintiff.

7. Responding to the allegations in paragraph 14 of the Complaint, the Defendant denies the allegations to the extent that the Complaint is alleging any repayments to the Defendant in excess of those set forth in paragraph 12 of the Complaint.

8. Concerning the allegations in paragraph 15, 24 and 31 of the Complaint, the Defendant re-alleges the responses to the incorporated paragraphs as set forth in this answer.

9. Responding to the allegations in paragraph 19 of the Complaint, Defendant denies that he was an insider during part or all of the relevant time period and affirmatively alleges that only a portion of the $33,000 ($13,200) was transferred in the year before the Chapter 11 was filed.

**Affirmative Defenses:**

The Defendant Asserts the following Affirmative Defense(s):

1. The causes of action set forth in the Complaint fail to state a cause of action upon which relief can be granted in whole or in part.

2. The causes of action set forth in the Complaint are barred by the equitable doctrines of laches, equitable estoppel, and unclean hands.

3. The transfers in question were made in the ordinary course of the Plaintiff's business.

4.  The transfers in question were provided as compensation for services, were therefore made for adequate consideration and value and were not voidable under any provision of state or federal law or the Bankruptcy Code.

5.  The transfers in question were made at a time that the company was solvent.

### Prayer for Relief

Wherefore, the Defendant demand that the Court dismiss the cause of action in the Complaint with prejudice and enter judgment, including reasonable costs and attorneys' fees in favor of the Defendant and award such other and further relief as is just and necessary.

Dated: May 25, 2022

/e/ *Kenneth C. Edstrom*
Kenneth C. Edstrom (148696)
Sapientia Law Group, PLLC
120 South Sixth Street, Suite 100
Minneapolis, MN  55415
612-756-7100
kene@sapientialaw.com
**Attorneys for Defendant**

4876-2586-1666, v. 1